IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AUNDRE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00681-DGK |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT KELLEYS' PARTIAL MOTION TO DISMISS**

This case arises out of Plaintiff Michael Scott's termination from his employment with the City of Kansas City ("the City") following an incident that involved his neighbors, co-Defendants Rachel and Torrence Kelley ("the Kelleys").

Now before the Court is the Kelleys' Motion to Dismiss Count X of Plaintiff's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 100. The Kelleys argue that Count X, which alleges tortious interference with a business relationship, is really a claim for slander disguised as tortious interference to avoid the two-year statute of limitations that governs slander claims under Missouri law, and this claim is time-barred. ECF No. 100 at 2–3. Because this claim is not time-barred, the motion is DENIED.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." This is particularly relevant in this case because,

> [t]he Eighth Circuit has held that, in general, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense. However, the court may grant the motion if it is clear from the face of the complaint that the cause of action is time-barred.

*Gatter v. CEP Am.-Missouri, LLLP*, No. 4:23-CV-1532-SPM, 2024 WL 3100613, at *2 (E.D. Mo. May 23, 2024) (granting a 12(b)(6) motion to dismiss claims as time-barred), *aff'd*, No. 24-2259, 2025 WL 900607 (8th Cir. Mar. 25, 2025).

In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Background

On June 21, 2022, the Kelleys filed a 311 complaint against Plaintiff stemming from a "neighbor dispute" that occurred between Plaintiff and the Kelleys on June 16, 2022. Plaintiff's and the Kelleys' versions of what happened during this dispute are wildly different. Plaintiff

contends there was a physical altercation caused by Defendant Torrence Kelley's "incendiary, violent statements and conduct."

On August 19, 2022, Plaintiff filed a grievance with the City concerning the June 16 incident. Sometime before October 18, 2022, the City informed the Kelleys that it was not responsible for Plaintiff's conduct during the June 16 incident and did not pursue disciplinary proceedings against Plaintiff at that time.

On October 18, 2022, the Kelleys filed suit against Plaintiff and two municipal officials, Christopher Cotton and Christopher Brooks, related to the June 16 incident.

On November 23, 2022, the City held a hearing on Plaintiff's grievance against the Kelleys and declined to investigate the grievance.

On February 14, 2023, the City revived disciplinary proceedings against Plaintiff. On February 22, 2023, the City held a pretermination hearing and terminated Plaintiff on March 7, 2023.

On July 9, 2024, Plaintiff filed suit against the City in the Circuit Court of Jackson County, Missouri. On October 10, 2024, Plaintiff filed his Second Amended Petition which asserted various federal civil rights claims. On October 18, 2024, the City removed the lawsuit to this federal court.

On December 18, 2024, Plaintiff filed the Third Amended Complaint. This one-hundred-and-sixty-page pleading asserted thirty nine separate claims and added a variety of new defendants, including two municipal employee unions, Plaintiff's former attorney who represented him in an administrative appeal before the City and that attorney's law firm, and the Kelleys.

In response to various motions and a motion to disqualify Plaintiff's counsel, Plaintiff filed his Fourth Amended Complaint on August 11, 2025. The Fourth Amended Complaint names fewer defendants (it drops the unions, attorney, and law firm) and contains fewer counts, but it is still a veritable cornucopia of legal claims. It alleges federal claims of race and age discrimination and retaliation, as well as state-law due-process and takings claims against the City (Counts I–VII); intentional infliction of emotional distress, violation of Fourteenth Amendment due process, and negligent infliction of emotional distress against Christopher Cotton (Counts, VIII–IX, XIV); and tortious interference with a valid business relationship and expectancy, intentional infliction of emotional distress, trespass to land, and nuisance against the Kelleys (Counts X–XIII).

## Discussion

The pending motion pertains only to Count X, the tortious interference claim brought against the Kelleys. The Kelleys argue this claim is reducible to alleged false representations Defendant Torrence Kelley made to Plaintiff's employer, which resulted in Plaintiff's termination. ECF No. 100 at 3. According to the Kelleys, Count X is really a claim for slander, not tortious interference, which accrued on June 21, 2022, when Defendant Torrence Kelley allegedly slandered Plaintiff, and Plaintiff therefore had to bring his claim by June 21, 2024, to satisfy the statute of limitations. Thus, Plaintiff's claim is time-barred, because he did not bring it until December 18, 2024. *Id.*

This argument fails because under Missouri law, a claim does not accrue "when the wrong is done . . ., but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered . . . ." Mo. Rev. Stat. § 516.100. *See Thurston v. Ballinger*, 884

S.W.2d 22, 26 (Mo. App. 1994) (citing Mo. Rev. Stat. § 516.100 and finding "the statute of limitations [for the slander claim] began to run . . . not when the defamatory statement was made, but when damages were ascertained. . . . Damages are ascertained when the fact of damage appears . . . ."). Here, under the Kelleys' slander theory, Plaintiff's claim did not accrue on June 21, 2022, when the alleged slander occurred, i.e., when the wrong was done, but on March 7, 2023, when Plaintiff was terminated, i.e., when the damage resulting from the wrong was sustained and was capable of ascertainment. Plaintiff brought his claim December 18, 2024, well within the two-year limitations period beginning March 7, 2023. Even if ascertainable damage occurred at the time of the alleged false representations on June 21, 2022, the termination, as "the last item" of damage, still determines claim accrual.

    Consequently, the motion is DENIED.

    **IT IS SO ORDERED.**

Date: October 20, 2025            /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT