# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL AUNDRE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00681-DGK |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON RULE 30(b)(6) DISCOVERY DISPUTE

The parties to this employment discrimination case seek the Court's intervention in their dispute concerning Plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant City of Kansas City ("the City").

For the reasons explained below, the Court holds that Plaintiff's Rule 30(b)(6) topics[1] do not comply with the Federal Rules of Civil Procedure. Plaintiff is therefore ORDERED to serve a Rule 30(b)(6) notice on the City identifying no more than five (5) topics that strictly conform to the Rule 30(b)(6) standard by August 4, 2026, as outlined more fully below.

## Background

Plaintiff filed his first Rule 30(b)(6) notice on June 30, 2026, ECF No. 148, and an amended notice on July 9, 2026, ECF No. 153. On July 15, 2026, counsel for the City emailed the Court about a discovery dispute concerning Plaintiff's proposed Rule 30(b)(6) topics, giving a brief overview of the City's objections and requesting a teleconference with the Court. Later that day, Plaintiff's responded to the City's email acknowledging the dispute, and explained

---

[1] The record contains four Rule 30(b)(6) notices, ECF Nos. 148, 153, 159, 167-1. The Court has reviewed Plaintiff's most recent amended notice, ECF No. 167-1, which he submitted as a proposal with his reply brief for this dispute. The City therefore did not have an opportunity to respond to it, but it suffers from the same essential flaws as the others, so the Court accounts for it in its ruling here.

Plaintiff's position.  On July 16, 2026, Plaintiff's counsel emailed the Court that she had requested another meet and confer with the City to try to resolve the dispute.  Accordingly, the Court issued a brief order directing the parties to try to resolve the dispute in good faith but also set a briefing schedule on the dispute in case the parties were unable to resolve it on their own. ECF No. 155.

On July 28, 2026, the parties emailed the Court that they had not been able to resolve the dispute and asked for the Court's guidance.  The Court set an expedited briefing schedule and instructed the parties to focus their briefs on binding legal authority on the scope of Rule 30(b)(6).  ECF No. 163.  In addition, on July 30, 2026, the Court postponed the scheduled Rule 30(b)(6) deposition pending the Court's ruling on this dispute.  ECF No. 169.  The issue is now fully briefed.  The Court has carefully reviewed the parties' briefing and the attached exhibits, ECF Nos. 164–167, as well as other relevant parts of the record.

### Standard

A Rule 30(b)(6) notice "must describe with reasonable particularity the matters for examination[, . . . and t]he persons designated must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  As with all discovery, the information sought in a Rule 30(b)(6) deposition must be "relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Rule 26(b)(1).  Even with the general limits on discovery imposed by Rule 26, the burden on the party responding to a Rule 30(b)(6) notice is often irreducibly "onerous."  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000) ("[T]he burden. . . may be an onerous one, but we are not aware of any less onerous means of assuring

2

that the position of a corporation, that is involved in litigation, can be fully and fairly explored."). Accordingly, the party seeking to depose a corporate entity must identify its proposed topics "with painstaking specificity," *id.* at 638, so that the corporate entity can designate a person or persons whom it can prepare to answer "fully, completely, unevasively" on behalf of the entity, *id.* This means the topics must be "specific, discrete, and relevant" and not "overbroad" or "open-ended." *Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081 (RHK/LIB), 2016 WL 11268315, at *6 (D. Minn. Apr. 19, 2016) (citations omitted). And they may not "seek[] to have the Rule 30(b)(6) deponent testify about legal conclusions." *Fairview Health Servs. v. Quest Software Inc.*, No. 20-CV-1326 (SRN/LIB), 2021 WL 5087564, at *6 (D. Minn. Sept. 24, 2021) (citations omitted).

## Discussion

The Court focuses on Plaintiff's most recent set of proposed topics, ECF No. 167-1, which is a slightly shortened version of the topics that led the parties to seek this intervention. Because the Court holds it does not satisfy Rule 30(b)(6) and Rule 26, the City will not be prejudiced by its lack of opportunity to respond to them.

Plaintiff's notice lists thirteen headings that identify proposed topic areas, and there are a total of between 140 and 150 (depending on how one counts) bullet-point subtopics. The topics cover the City's investigation of Plaintiff, the disciplinary process that ensued, the predetermination hearing, the grievance process, Plaintiff's termination, alleged employee comparators, retirement contributions from Plaintiff and another employee, the City's defenses and contentions, the City's communications about Plaintiff's discipline and termination, the City's communications about the Kelleys' complaints to the City about Plaintiff, the City's decision not to investigate the Kelleys, Plaintiff's employment history, and materials not

3

produced or claimed to be unavailable. Some of the subtopics consist of single words or phrases (*e.g.*, "verification of allegations," "recommendations for discipline," "decisionmakers"), some seek general information about other (unnamed) employees whom the City has investigated for conduct similar to Plaintiff's. Many of the topics under the heading "IX. Factual Support for the City's Defenses and Contentions," are, despite the heading's title, an attempt to elicit testimony from the City's Rule 30(b)(6) deponent about legal conclusions (*e.g.*, "The City's affirmative contention that Plaintiff cannot establish a prima facie case of race discrimination, age discrimination, or retaliation."). Taken as a whole, the topics show the kind of over-breadth and open-endedness that courts reject. And, in some instances, this over-breadth or open-endedness leads to irrelevance (*e.g.*, under "VII. Previous Similar Violations and Comparable Disciplinary Matters," Plaintiff seeks testimony about comparator information for employees not limited to Plaintiff's department and position).

To be sure, some of the topics properly identify a specific policy (*e.g.*, Section 11.6 of the Department of Human Resources Rules & Policy Manual) or person (*e.g.*, Mary Zonnooz, Christopher Cotten, Linda Miller, et al.). But even these are couched in broader inquiries and are ultimately swallowed by the majority of insufficiently particularized topics.

Plaintiff's Rule 30(b)(6) topics expect a City representative or representatives to be prepared to account for the entirety of the city's case—and much of Plaintiff's—including its legal theories. Such over-breadth, "where the party whose deposition is to be taken cannot determine the outer boundaries of the area of inquiry," *Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081 (RHK/LIB), 2016 WL 11268315, at *6 (D. Minn. Apr. 19, 2016), is impermissible.

Beyond the content of Plaintiff's most recent notice, the Court is troubled by how this dispute has unfolded. In comparing the topics contained in the four notices, the Court notes a significant expansion from the first (ECF No. 148) to the second (ECF No. 153), a lateral movement of content with the reduction of larger topics into bulleted subtopics from the second to the third (ECF No. 159), and a simple deletion of a few bulleted subtopics from the third to the fourth (ECF No. 167-1). The parties have reported throughout this dispute that they were meeting and conferring in good faith, but the City has complained to the Court—and directly to Plaintiff in email correspondence, *see* ECF 166-1 at 4, 8—that revised versions of topics have not reflected agreements they thought they had come to. Whether or not Plaintiff has engaged in gamesmanship as the City has wondered, *id.* at 8, a comparison of the various versions of topics shows that Plaintiff has not meaningfully narrowed and particularized the topics, even if he has reordered, truncated or divided up the wording, or occasionally deleted a topic.

The Court finds this dispute and the Court's intervention to have been unnecessary and a waste of time. Regardless of Plaintiff's intention, the proceedings have been unreasonably and vexatiously multiplied, *see* 28 U.S.C. § 1927, through his unwillingness or inability to craft topics with the particularity and relevance the Rules require. As the Court noted in its order on an earlier discover dispute in this case, this is a straightforward employment case involving a single employee from a single City department. It is not a wide-ranging class action, and it should not be litigated as such. *See* ECF No. 149 at 4.

Given the state of this dispute and the set of topics Plaintiff has proposed, the Court will not take any more of its time to go through and decide which topics to approve, because, as explained above, most would be rejected. Rather, the Court will give Plaintiff one more chance to serve the City with topics for a Rule 30(b)(6) deposition with the following limits:

1. Plaintiff shall propose no more than five (5) topics;

2. Each topic must be a single sentence that specifically identifies a single discrete subject that is facially relevant to a party's claim or defense and does not seek legal conclusions;

3. There shall be no subtopics within any of these topics;

4. Plaintiff shall serve the notice by 5pm on August 6, 2026;

5. The parties shall meet and confer on the notice by August 11, 2026; and

6. The parties shall schedule the deposition no later than August 21, 2026.

To be clear, the Court grants this brief extension of discovery for the sole purpose of accommodating the deposition. Discovery for all other purposes in this case closes August 3, 2026, in accordance with the Scheduling Order. ECF No. 107. Any abuse of this extension will result in sanctions for failure to obey a court order. If Plaintiff fails to follow this order in any respect, he will not be permitted to conduct a Rule 30(b)(6) deposition of the City. In light of this limited extension of discovery, dispositive motions are now due September 22, 2026.

**IT IS SO ORDERED.**

Date: August 3, 2026                              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT