**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL AUNDRE SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KANSAS CITY, MISSOURI, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:24-cv-00681-DGK |

**ORDER GRANTING MOTION TO MODIFY**

On June 17, 2025, the Court disqualified Plaintiff's counsel Jasmine Jamal Abou-Kassem (Ms. Abou-Kassem) from serving as Plaintiff's trial counsel under Missouri Supreme Court Rule of Professional Conduct 4–3.7, which forbids a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness." ECF No. 79. Plaintiff's then-operative Third Amended Complaint, ECF No. 19, made over 230 references to Ms. Abou-Kassem's interactions with other individuals in this case, putting her knowledge and intent in controversy and so intertwining them with Plaintiff's allegations that she was likely a necessary trial witness. On August 11, 2025, Plaintiff filed the now-operative Fourth Amended Complaint, ECF No. 97, which does not contain the references to Ms. Abou-Kassem or the claims and parties upon which the Court based its disqualification order. Plaintiff has further narrowed his case by dismissing additional claims from the Fourth Amended Complaint.

Now before the Court is Plaintiff's motion to modify the disqualification order, ECF No. 141. Plaintiff asks the Court to reinstate Ms. Abou-Kassem as trial counsel in light of the changed circumstances due to his Fourth Amended Complaint. Defendants City of Kansas City ("the City"), Christopher Cotten, and Rachel and Torrence Kelley ("the Kelley Defendants")

oppose the motion. And in their brief, the Kelley Defendants also ask the Court to dismiss the case under Federal Rule of Civil Procedure 41(b), because Plaintiff violated the Court's order that, within thirty days of the entry of a trial date, he file an affirmation with the Court stating either that he (1) has retained replacement trial counsel or (2) intends to proceed pro se.

For the reasons given below, Plaintiff's motion is GRANTED. The Court modifies its order disqualifying counsel, ECF No. 79, and Ms. Abou-Kassem may serve as Plaintiff's trial counsel. The Kelley Defendants' request to dismiss under Rule 41(b) is DENIED. However, considering Plaintiff's violation of the Court's order to retain alternative trial counsel if not proceeding pro se, he is on notice that another violation of a court order may result in dismissal under Rule 41(b) without further notice.

## Legal Standard

"[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of" final judgment. Fed. R. Civ. P. 54(b). "[A] district court[ has] inherent authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in order to modify orders in response to the changing circumstances of a lawsuit before it." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, Case No. 3:09-cv-05078-DGK, 2010 U.S. Dist. LEXIS 91239, *4 (2010) (W.D. Mo. Sept. 2, 2010).

## Discussion

The Court first addresses the request to dismiss under Rule 41(b). It is undisputed that Plaintiff violated the Court's order concerning replacement trial counsel. Plaintiff's affirmation to the Court was due January 19, 2026, and Plaintiff filed nothing. This is a violation of the Court's order.

Although Plaintiff's failure to abide by the Court's order (and Plaintiff's counsel's subsequent behavior) arguably merits dismissal, in the interest of resolving this case on the merits, the Court declines to do so. The law here is clear: a single violation of a court order is enough to warrant dismissal. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Here, Plaintiff understood the order and his obligations under it. And in his opening brief to modify the disqualification order, Plaintiff (through Plaintiff's counsel) acknowledged that the Court had a sound basis for entering the order based on the then-existing record. See ECF No. 141 at 5 ("Plaintiff does not contend that the Court lacked a basis for its ruling on the record then before it."). Thus, Plaintiff did not dispute—at least initially—that Plaintiff violated the Court's order, which is sanctionable. Plaintiff then argues that the filing of the Fourth Amended Complaint has changed the landscape sufficiently so that Ms. Abou-Kassem should now be permitted to represent Plaintiff at trial. As discussed below, this is a reasonable, persuasive argument to modify the disqualification order.

What is frustrating is Plaintiff's reply brief (written and filed by Plaintiff's counsel), wherein Plaintiff reverses the position he took in the opening brief and argues for the first time that the Court's disqualification order "constitutes significant error" on the Court's part, ECF No. 162 at 1, and so should be modified on that basis. As a threshold matter, typically claims or arguments raised for the first time in a reply brief are deemed waived. *See, e.g.*, *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 823 (D. Minn. 2019) ("As a general rule, . . . arguments are not entertained when raised for the first time in a reply brief."). That is particularly true where, as here, Plaintiff has held back most of his arguments until after Defendants have filed their opposition briefs. What is really frustrating here though is that this new argument is a meritless and clumsy attempt by Plaintiff—but really Plaintiff's counsel—to minimize her client's—and

by extension, her own—failure to abide by the Court's directive that Plaintiff retain new counsel. For example, in the opening brief, Plaintiff acknowledged that the disqualification order required him "to file an affirmation stating either that replacement counsel had been retained for trial or that Plaintiff intended to proceed pro se" and that "Plaintiff's counsel did not file the affirmation" as ordered. ECF No. 141 at 16. He explained that his counsel did not file the required affirmation due to "inadvertence." *Id.* But in the reply brief, he recasts this failure as an isolated "inadvertent failure" to comply with "one scheduling-related requirement." ECF No. 162 at 19. But Plaintiff's failure was not a mere "scheduling-related requirement." It was a complete failure to comply with the fundamental purpose of the disqualification order, namely, to obtain new trial counsel or proceed pro se.

Viewed in this light, Plaintiff's violation of the order and his attempts to minimize his conduct and the import of the order are unacceptable and grounds for dismissal under Rule 41(b). Given the merits of the motion to modify, however, the Court will not order dismissal. But Plaintiff is on notice that another violation of a court order may result in dismissal under Rule 41(b). Plaintiff should proceed accordingly.

Turning to the merits of Plaintiff's motion to modify, the Court finds that Plaintiff has cured the pleading defects that led to Ms. Abou-Kassem's disqualification. Defendants' arguments to the contrary are unavailing.

While Defendants City and Cotten rightly identify the issue—"whether the factual circumstances that caused the Court to conclude Ms. Abou-Kassem was likely to be a necessary witness still exist," ECF No. 151 at 2—their analysis is not persuasive. Plaintiff dismissed the claims and party upon which the Court based its disqualification order when he filed his Fourth Amended Complaint. And Plaintiff has dismissed more claims since then, including the only

one, Unlawful Withholding of Retirement Contributions (Count VII), that referred to the administrative appeal process. *See* ECF No. 174.[1] Defendants argue that the same underlying factual disputes remain that require disqualification. But the only relevant facts are those relating to surviving claims; facts relating to dismissed claims are no longer relevant. *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, No. 08-0840-CV-W-ODS, 2011 WL 13234154, at *2 (W.D. Mo. Mar. 31, 2011) (denying motion to disqualify counsel because claims implicating counsel had been dismissed, even though Plaintiff did not remove related factual allegations from complaint). Defendants offer no legal support for their assertion that amendment of a complaint cannot be a basis for revision of an interlocutory order under Rule 54(b). And there are no remaining claims with relevant facts known only to Ms. Abou-Kassem. Were Plaintiff to attempt to use facts wholly reliant on Ms. Abou-Kassem's testimony at summary judgment or at trial, they would be inadmissible as irrelevant. Accordingly, while she was likely a necessary trial witness under the Third Amended Complaint—and properly disqualified under Rule 4–3.7—she no longer is.

**Conclusion**

For the reasons given above, Plaintiff's motion is GRANTED. The Court modifies its order disqualifying counsel, ECF No. 79, and Ms. Abou-Kassem may serve as Plaintiff's trial counsel. The Kelley Defendants' request to dismiss under Rule 41(b) is DENIED. Given Plaintiff's violation of the Court's order to retain alternative trial counsel if not proceeding pro se, he is on notice that another violation of a court order may result in dismissal under Rule 41(b) without further notice.

[1] Plaintiff dismissed this claim after the parties completed the briefing of this motion.

**IT IS SO ORDERED.**

Date: October 19, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT