**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL AUNDRE SCOTT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24-CV-00681-DGK |
| CITY OF KANSAS CITY MISSOURI, et al., | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS**

Defendants City of Kansas City ("the City") and Christopher Cotten ("Cotten) have separately moved for summary judgment. The parties are currently in the process of briefing the motions.

Now before the Court is the City's motion to enforce the Court's October 30, 2026, Order, ECF No. 222, and strike or disregard Plaintiff's corrected statement of additional facts, ECF No. 230-1. ECF No. 231. Given impending summary judgment briefing deadlines, the City also moves for an expedited briefing schedule for the motion to enforce. ECF No. 232. Plaintiff has filed a motion for leave to file a cross-reference table that coordinates the citations between his original and corrected statements of additional facts. ECF No. 233.

For the reasons given below, the City's motion to enforce the Court's order, ECF No. 231, is GRANTED, and Plaintiff's corrected statement of additional material facts, ECF No. 230-1, is STRICKEN, and he may not file a replacement. The City's motion for expedited briefing, ECF No. 232, is DENIED AS MOOT. Plaintiff's motion to file a cross-reference table, ECF No. 233, is DENIED AS MOOT.

## Discussion

The Court previously struck Plaintiff's statement of additional facts in his opposition to the City's motion for summary judgment, ECF No. 192 at 70–134, because it did not comply with the Local Rules. ECF No. 222; *see* L.R. 56.1(b)(2); Fed. R. Civ. P. 56(c). The Court ordered Plaintiff, if he wished to refile his statement of additional facts, to do so in strict compliance with the Local Rules. The Court also told the City that it would only need to respond to Plaintiff's additional facts if they strictly complied with the Local Rules. The Court warned, "if Plaintiff fails to comply with this Order or the Local Rules in any additional filings, the Court may dismiss this case under Federal Rule of Civil Procedure 41(b) without further notice." ECF No. 222 at 3.

Plaintiff filed a corrected statement of additional facts. ECF No. 230-1. It is 125 pages long and contains 1,185 facts. This corrected statement does not comply with the Local Rules.

Under Local Rule 56.1(b)(2), "[i]f the . . . party [opposing summary judgment] relies on any facts not contained in the movant's suggestions, the party must add a concise listing of material facts. Each fact in dispute must be set forth in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c)." As the Eighth Circuit has explained, "[W.D. Mo.] Local Rule 56.1 places size and content limitations on a non-movant's response to a summary judgment motion." *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 990 (8th Cir. 2006).[1] That is, a statement of additional facts is for facts not already contained in the movant's summary judgment briefing, and the non-movant's listing must be "concise" and the facts listed must be "material." Plaintiff's corrected additional facts do not comply with these requirements.

[1] The Eighth Circuit in *Jones* addressed an earlier version of L.R. 56.1, but the difference between that version and the current version is immaterial for purposes of this motion. *See Jones*, 461 F.3d at 990 ("Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists.").

As the Court has noted in a prior discovery dispute order, this is a straightforward employment case involving a single plaintiff and a single City department. *See* ECF No. 149 at 2. Plaintiff's 1,185 additional facts violate the Local Rule's concision requirement under these circumstances. *See Jones*, 461 F.3d at 990 (affirming district court in its disregard of plaintiff's 948 "statements of 'controverted facts,'" in opposition to three summary judgment motions because they failed L.R. 56.1's concision requirement). The goal of L.R. 56.1 is "to distill to a manageable volume the matters that must be reviewed by a court undertaking to decide whether a genuine issue of fact exists for trial. It is designed to prevent a district court from engaging in the proverbial search for a needle in the haystack." *Id.* (citation and internal quotation marks omitted). Plaintiff's 1,185 corrected additional facts go in the opposite direction. To be sure, a high number of additional facts does not, by itself, violate L.R. 56.1. But here, where Plaintiff's additional statement contains ten times as many facts as the City's summary judgment motion and simply reproduces the City's facts in many instances,[2] "[i]t hardly need be stated that [Plaintiff's statement] d[oes] not contain a 'concise' listing . . ., as required by" the Local Rules. *Id.*

Moreover, much of Plaintiff's corrected statement is immaterial to the City's summary judgment motion. Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff's corrected statement, by contrast, presents a sprawling account of Plaintiff's view of the history of this litigation, including descriptions of discovery negotiations and disputes and collateral litigation, almost none of which matters to the pending summary judgment motion

[2] To give a few examples from the beginning of Plaintiff's corrected facts: Plaintiff's ¶¶ 33–35, 38, 53, 55, 56, 58, 59, and 62 reproduce facts already contained in the City's ¶¶ 10–15. The Court does not need to go further, but to illustrate the point: taking, at random, Plaintiff's ¶ 549, the Court finds it corresponds to the City's ¶ 25. In other words, it is likely that Plaintiff's "additional" facts reproduce nearly all of the City's facts.

The City identifies multiple sequences of facts that are immaterial or cumulative. ECF No. 231 at 3 (facts about Plaintiff's private dispute with the Kelleys (¶¶ 65–85), correspondence between counsel concerning post-discovery requests for comparator information (¶¶ 250–259, 270–276), repetitive accounts of Plaintiff's favorable job performance (¶¶ 627–665), details concerning the Kelleys' claims and litigation against the City (¶¶ 1098–1137)). The Court also notes that comparator information for Water Department and Public Works employees, ¶¶ 285–309, does not affect the outcome of this case under the governing law, because they are not members of Plaintiff's department (City Parks Department) and therefore cannot be "similarly situated" under the Eighth Circuit's rigorous test. *See, e.g.*, *Collins v. Kansas City Missouri Pub. Sch. Dist.*, 92 F.4th 770, 772 (8th Cir. 2024) (employment discrimination plaintiff must show comparators "dealt with the same supervisor"); *Chappell v. Bilco Co.*, 675 F.3d 1110, 1119 (8th Cir. 2012) (employment discrimination plaintiff failed to make similarly-situated-comparator showing by, among other things, failing to indicate alleged comparators "worked in his department"). The Court only mentions this here because it already identified these principles in one of its many discovery dispute orders, ECF No. 149 at 3–4, and is puzzled by Plaintiff's inclusion of these immaterial facts, given the Court's prior order and the well-established principles it identified.[3]

[3] Plaintiff appears to think that his lack of agreement with the Eighth Circuit's comparator limitations creates an issue for trial. *See* Jasmine Abou-Kassem Decl. ¶ 268, ECF No. 207-1 at 108 (Fed. R. Civ. P. 56(d) affidavit declaring "the City continued to rely upon restrictions [in discovery] that Plaintiff had not agreed to, including limitations on comparator discovery"). Again, the "limitations on comparator discovery" were identified in this Court's order, ECF No. 149 at 3–4, and are well-established by the Eighth Circuit. In addition to the cases cited above, *see, e.g.*, *Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (affirming district court's limitation of discovery of discrimination allegations at the University of Minnesota to one year and plaintiff's department when plaintiff sought discovery from every department at the university, because plaintiff's request was overbroad and unduly burdensome).

While Plaintiff has, with a few exceptions,[4] corrected the formal requirement of listing one fact in one sentence per numbered paragraph with pinpoint record citations supporting the fact at the end of each paragraph, the sprawling collection of facts nevertheless violates the Local Rules and works directly against the purpose of summary judgment.

Accordingly, because Plaintiff's corrected statement of additional facts, ECF No. 230-1, does not comply with the Local Rules and violates the Court's order, ECF No. 222, the City does not need to reply to the additional facts and they are STRICKEN. Though the Court warned Plaintiff that failure to comply with the Local Rules in any future filing could result in dismissal of his case without further notice, the City informs the Court that it does not seek dismissal at this stage, only relief from responding to Plaintiff's non-compliant filing. The Court will follow the City's recommendation and not dismiss the case at this time.

Given the Court's prior order striking Plaintiff's additional facts, ECF No. 222, the Court does not need briefing to decide the City's motion to enforce.[5] And, in any case, this was Plaintiff's second chance to file compliant additional material facts. Given the Court's grant of the City's motion to enforce, the City's motion for expedited briefing on this motion, ECF No. 232, is DENIED AS MOOT.

Finally, because Plaintiff's original and corrected statements of additional facts have been stricken for non-compliance with the Local Rules and violation of the Court's order, Plaintiff's motion to file a cross-reference table coordinating the two is DENIED AS MOOT.

[4] The City identifies two paragraphs with multiple sentences and facts: ECF No. 230-1 ¶¶ 1050 and 1067.

[5] Plaintiff is entitled to no more notice of summary judgment briefing requirements than the Local Rules provide. *See Jones*, 461 F.3d at 991 (stating "the local rule itself provides adequate notice of the requirements to which a party must adhere [in opposing summary judgment]" and not requiring district court "to study laboriously" an excessively long opposition to summary judgment "to determine that it is non-compliant with the rules").

## Conclusion

For the reasons given above, the City's motion to enforce the Court's order, ECF No. 231, is GRANTED, and Plaintiff's corrected statement of additional material facts, ECF No. 230-1, is STRICKEN, and he may not file a replacement. The City's motion for expedited briefing, ECF No. 232, is DENIED AS MOOT. Plaintiff's motion to file a cross-reference table is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: November 10, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT