**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL AUNDRE SCOTT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:24-CV-00681-DGK |
| CITY OF KANSAS CITY MISSOURI, et al., | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY PRIOR ORDERS AND REINSTATE FACTS**

On November 10, 2026, the Court granted Defendant City of Kansas City's ("the City") motion to enforce the Court's prior order (ECF No. 222) and strike Plaintiff's corrected statement of additional facts (ECF No. 230-1), ECF No. 231, because it did not comply with the Local Rules. ECF No. 234.

Now before the Court is Plaintiff's motion to modify the Court's prior orders striking Plaintiff's statements of additional facts, ECF Nos. 222 and 234, and reinstate an amended statement of additional facts and require the City to respond. ECF No. 235.

The motion is DENIED.

The Court struck Plaintiff's statement of additional facts in his opposition to the City's motion for summary judgment, ECF No. 192 at 70–134, because it did not comply with the Local Rules. ECF No. 222; *see* L.R. 56.1(b)(2); Fed. R. Civ. P. 56(c). The Court ordered Plaintiff, if he wished to refile his statement of additional facts, to do so in strict compliance with the Local Rules. Plaintiff filed a corrected statement of additional facts, ECF No. 230-1, that is 125 pages long and contains 1,185 facts. The City moved to strike the corrected statement as non-compliant with the

Local Rules and as a violation of the Court's order. ECF No. 231. The Court found the statement of 1,185 facts—ten times as a many as the City asserted in its suggestions in support of summary judgment, ECF No. 181—was not concise, as the Local Rules require, and contained facts that were immaterial or duplicative of the City's facts. Accordingly, the Court granted the City's motion to strike. ECF No. 234. The Court also instructed Plaintiff that he may not file a replacement. *Id.* at 6.

Nevertheless, Plaintiff seeks to file a replacement. Plaintiff has excised 973 facts from his corrected statement and seeks to retain six facts from his original statement, leaving a total of 218 facts in his proposed statement of additional facts, ECF Nos. 235-2 and 235-3.

The Court has carefully reviewed Plaintiff's motion to reinstate these facts. His complaints are essentially that the Court is imposing requirements without notice and striking Plaintiff's facts without giving Plaintiff a chance to explain himself. Plaintiff also points to other cases, including from this Court, that he argues are inconsistent with the Court's approach in this case. And Plaintiff argues the specific findings of the Court's order to strike his corrected statement are unjustified.

Plaintiff's summary judgment filings—and this motion—betray a basic misunderstanding of the purpose of the Court's Local Rules governing summary judgment. These rules exist to aid the Court in its determination of whether there is a material fact in dispute under Fed. R. Civ. P. 56's standards. The goal of L.R. 56.1 is

> to distill to a manageable volume the matters that must be reviewed by a court undertaking to decide whether a genuine issue of fact exists for trial. It is designed to prevent a district court from engaging in the proverbial search for a needle in the haystack. With both the movant's list of uncontroverted facts and the non-movant's list of controverted facts and accompanying cross-references, including specific citations to the record, the court can focus its review on materials that may demonstrate a disputed issue for trial.

*Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 990 (8th Cir. 2006) (citation omitted). When it comes to the non-movant's opposition to summary judgment specifically, "[i]f the . . . party [opposing summary judgment] relies on any facts not contained in the movant's suggestions, the party must add a concise listing of material facts. Each fact in dispute must be set forth in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c)." That is, the statement of additional facts is for facts that (1) the nonmovant relies on, (2) are not in the movant's supporting suggestions, and (3) are material. They must be concise as a whole and listed individually for ease of admission or controversion by the opposing party to expedite the Court's review. Nonconforming facts—multiple facts in a single paragraph, lack of concision, immateriality, facts not relied on, inaccurate or absent citation—frustrate that purpose. This is why the Court struck both of Plaintiff's lists of additional facts; they obscure rather than "focus its review." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42–45 (1991).

As the Eighth Circuit has made clear: "[T]he local rule itself provides adequate notice of the requirements to which a party must adhere [in opposing summary judgment]. The district court is not required to study laboriously [an excessively long opposition to summary judgment] to determine that it is non-compliant with the rules, and then afford the party another opportunity to file a pleading that complies." *Jones*, 461 F.3d at 991. The Court did not have to give Plaintiff even a second chance to file a statement of additional facts, let alone a third. And the kind of sifting Plaintiff apparently expects the Court to do—to separate the supposedly compliant from the noncompliant facts, when he presented 1,185 facts in response to Defendant's 103—is well beyond anything the rule envisions and is precisely what the rule seeks to avoid. Plaintiff's proposed revision of his corrected facts led him to remove 973 of the 1,185 facts, work that was

his and not the Court's, work he should have done at the beginning. But now that he has had two chances to comply with the Local Rules, the time to do so has passed.[1]

As to this Court's other cases, Plaintiff complains the Court allowed the plaintiff in *Sly v. Collins*, 24-cv-448-DGK, to show cause before deciding to strike his noncompliant corrected statement of additional facts, whereas here, "in stark contrast," the Court "struck every paragraph in Plaintiff's Corrected Statement of Additional Material Facts and barred replacement without an opportunity to respond or show cause." ECF No. 235 at 10. Plaintiff (really Plaintiff's counsel) has not read *Sly* carefully. The plaintiff in *Sly* was ordered to show cause for why the entirety of his summary judgment briefing—not just his still largely non-compliant corrected facts—should not be stricken as a sanction for continued noncompliance with the Local Rules and violation of the Court's order. *Sly v. Collins*, No. 4:24-CV-00448-DGK, 2025 WL 3527324, at *1 (W.D. Mo. Dec. 9, 2025). Similarly, the motion at issue in *U.S. ex rel. Est. of Donegan v. Anesthesia Assocs. of Kansas City, PC*, No. 4:12-CV-0876-DGK, was a motion to strike a party's motion for summary judgment and suggestions in support in their entirety. 2015 WL 3616640, at *1 (W.D. Mo. June 9, 2015), *aff'd sub nom. United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City, PC*, 833 F.3d 874 (8th Cir. 2016). The Court declined to "strike [the] motion in its entirety" and simply did "not consider [the] proposed facts which violate[d] Federal Rules of Civil Procedure 56(c) and 56(e)." *Id.*

[1] The Court will not revisit its prior order except to note a typographical error. Plaintiff correctly points out that Plaintiff's corrected ¶ 549 does not correspond to Defendant's ¶ 25, as the Court asserted. *See* ECF No. 235 at 12–13 (citing ECF No. 234 at 3 n.2). The Court meant to cite ¶ 547 ("During the June 30, 2022 investigatory interview, Plaintiff acknowledged driving City trash truck No. 72032 to his residence without obtaining his supervisor's permission. (Pl.'s Ex. 22, Scott Dep. 32:17–33:8; Pl.'s Ex. 67 [Dep. Ex. 3], at 2, 5, 8.)") as duplicative of Defendant's ¶ 25 ("In his deposition, Plaintiff testified that on June 30, 2022, he admitted to his supervisors that he drove the Parks and Recreation trash-packer truck to his residence without first obtaining permission from his supervisor. Exhibit A, Scott Depo. 30:14–17, 31:13–21, 32:17–25, 38:19–22.").

Here, the Court is not considering striking all of Plaintiff's summary judgment briefing. The City's motion to strike was limited to Plaintiff's 1,185 additional facts because they did not comply with the Local Rules for the reasons explained above. The Court agreed and now declines to give Plaintiff a third chance to comply with the Local Rules' straightforward requirements and "require the City to respond." Indeed, Plaintiff's various statements of additional facts seem focused more on requiring the City to respond than on focusing the issues for summary judgment, which is the purpose of the Local Rules. The Court has already warned Plaintiff's counsel against unreasonably and vexatiously multiplying the proceedings. 28 U.S.C. § 1927.[2] The Court reiterates that warning here. This is the kind of conduct that can warrant financial sanctions for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

The denial of Plaintiff's motion does not mean that the supported facts upon which Plaintiff actually relies in his suggestions in opposition—and his responses to the City's statement of uncontroverted material facts and Rule 56(d) declaration—will not be before the Court when it considers the City's motion. Nor does it mean that the Court will not consider the facts in the light most favorable to Plaintiff as the non-moving party. But Plaintiff's non-compliance with the Local Rules in his statements of additional facts has wasted time and resources, and the Court, in its discretion, will not waste any more by allowing Plaintiff yet another filing.

**Conclusion**

For the reasons given above, Plaintiff's motion is DENIED.

[2] *See* Order on Discovery Dispute, ECF No. 171 at 5 ("The Court finds this dispute and the Court's intervention to have been unnecessary and a waste of time. Regardless of Plaintiff's intention, the proceedings have been unreasonably and vexatiously multiplied, *see* 28 U.S.C. § 1927, through his unwillingness or inability to craft topics with the particularity and relevance the Rules require.").

**IT IS SO ORDERED.**

Date: November 16, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT